

A CERTIFIED TRUE COPY
AUG 16 2006
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
AUG 16 2006
FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1789

U.S. DISTRICT COURT
FILED
AUG 18 2006
S.D. OF N.Y.

06 MD 1789

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN* AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of fifteen actions pending in the Southern District of New York, two actions in the Eastern District of New York, and one action each in the Middle District of Florida and the Middle District of Tennessee as listed on the attached Schedules A and B.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in seven Southern District of New York actions for coordinated or consolidated pretrial proceedings of these actions in the Middle District of Tennessee or, alternatively, the Southern District of New York.[2] Moving plaintiffs represent that plaintiffs in the other actions and potential tag-along actions in the Southern District of New York and the two actions in the Eastern District of New York, all of whom are represented by the same counsel as moving plaintiffs, support the motion. Plaintiffs in the Middle District of Tennessee action and the Northern District of Mississippi potential tag-along action support transfer to the Middle District of Tennessee. Plaintiffs in the Middle District of Florida action and Southern District of Illinois potential tag-along action suggest transfer to the Middle District of Florida and the Southern District of Illinois, respectively, of actions involving Fosamax, but not those involving Actonel. Defendants in the actions before the Panel – Merck & Co., Inc. (Merck); Procter & Gamble Pharmaceuticals, Inc. (P&G), and sanofi-aventis U.S. LLC (Aventis) – oppose the motion; in the alternative, to the extent the Panel is inclined to grant the motion, Merck supports centralization in the Southern District of New York. Also,

---

* Judges Motz, Miller and Hansen took no part in the decision of this matter.

[1] The Panel has been notified of fourteen related actions pending in the Southern District of New York and four related actions pending, respectively, in the Northern District of Florida, the Southern District of Illinois, the Western District of Kentucky, and the Northern District of Mississippi. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Moving plaintiffs framed their request as seeking partial reconsideration of the Panel's order of transfer in MDL-1760 – *In re Aredia and Zometa Products Liability Litigation* and presented their motion as a motion for reconsideration or, in the alternative, for transfer.

A CERTIFIED TRUE COPY

in the event the Panel grants the motion for transfer, defendants P&G and Aventis ask the Panel to exclude the claims against them from any multidistrict proceedings. Novartis Pharmaceuticals Corp. (Novartis)[3] takes no position on the motion, but opposes any consolidation or coordination with the proceedings in MDL-1760–*In re Aredia and Zometa Products Liability Litigation* in which it is the primary defendant.

On the basis of the papers filed and hearing session held, the Panel finds that the eighteen actions listed on Schedule A involve common questions of fact, and that their centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These eighteen actions are brought by persons allegedly injured by ingestion of Merck's Fosamax, a prescription medication used in the treatment of osteoporosis. Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects, in particular, osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. The Panel is persuaded, however, that claims involving prescription drugs other than Fosamax do not share sufficient questions of fact with claims relating to Fosamax to warrant inclusion of the former claims in MDL-1789 proceedings.[4]

Merck argues against centralization, among other things, that the pending actions are in a limited number of federal districts, which are capable of managing the litigation without multidistrict proceedings. These arguments are not persuasive.

> If the Panel were to adopt the defendants' concept . . . many of the judges assigned to the various actions would be required to needlessly replicate other judges' work on such matters as . . . rulings on motions to dismiss, and so forth. . . . We conclude that such an approach would defeat the very purposes leading to the enactment of Section 1407.

*In re Propulsid Products Liability Litigation*, 2000 U.S. Dist. LEXIS 11651, MDL-1355, at *3-4 (J.P.M.L. Aug. 7, 2000). Merck also suggests that voluntary alternative coordinating efforts are

---

[3] Novartis is named as a defendant in five Southern District of New York actions before the Panel; however, the claims against Novartis have been transferred to MDL-1760 – *In re Aredia and Zometa Products Liability Litigation*.

[4] Presently before the Panel the only action raising claims exclusively relating to a drug other than Fosamax – *Lena Simmons v. Proctor & Gamble Pharmaceuticals, Inc., et al.*, S.D. New York, C.A. No. 1:06-454 – is already pending before the judge to whom we are assigning this litigation; accordingly, we leave the degree of coordination and consolidation between this action and the other actions to the discretion of the transferee judge. Similarly, the only action encompassed by the present motion that raises claims relating to both Actonel and Fosamax – *Carlee Thomson v. Merck & Co., Inc., et al.*, S.D. New York, C.A. No. 1:06-3813 – is already pending before that judge, and we likewise leave to his discretion the degree of coordination and consolidation between the claims in this action involving Actonel and the claims in the MDL-1789 proceedings involving Fosamax.

preferable to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, in addition to ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004).

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Most of the actions are already pending there, and both moving plaintiffs and the main pharmaceutical defendant support transfer to this district in the alternative. Centralization in this forum also permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, centralization is denied with respect to the action listed on Schedule B.

IT IS FURTHER ORDERED that this docket, originally named MDL-1789 – *In re Fosamax and Actonel Products Liability Litigation*, is renamed as follows:   MDL-1789 – *In re Fosamax Products Liability Litigation*.

FOR THE PANEL:

[signature: Wm. Terrell Hodges]

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1789 -- In re Fosamax Products Liability Litigation</u>

### Middle District of Florida

*Linda Secrest, et al. v. Merck & Co., Inc.*, C.A. No. 2:06-191

### Eastern District of New York

*Dorothy R. Edwards v. Merck & Co., Inc.*, C.A. No. 1:06-1645
*Delores Startt v. Merck & Co., Inc.*, C.A. No. 1:06-1647

### Southern District of New York

*Margaret Peggy Harth v. Merck & Co., Inc.*, C.A. No. 1:06-361
*Ramon L. Harrison v. Merck & Co., Inc.*, C.A. No. 1:06-365
*Shirley A. Grizzle v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 1:06-366
*Burdette Burt v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 1:06-368
*Suzanne Dengel v. Merck & Co., Inc.*, C.A. No. 1:06-372
*Jack Cuthbert v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 1:06-387
*Avril Evans v. Merck & Co., Inc.*, C.A. No. 1:06-979
*Linda F. Hennrich v. Merck & Co., Inc.*, C.A. No. 1:06-2274
*Julie Lowell v. Novartis Pharmaceuticals Corp., et al.*, C.A. No. 1:06-3130
*Jo Anne Gladin De La Fuente v. Merck & Co., Inc.*, C.A. No. 1:06-3131
*Carlee Thomson v. Merck & Co., Inc., et al.*, C.A. No. 1:06-3813
*Sherri Moore v. Merck & Co., Inc.*, C.A. No. 1:06-3814
*Patricia Kincaid v. Merck & Co., Inc.*, C.A. No. 1:06-3815
*Sheldon Gottesfeld v. Merck & Co., Inc., et al.*, C.A. No. 1:06-3816

### Middle District of Tennessee

*Gwendolyn Wolfe, et al. v. Merck & Co., Inc.*, C.A. No. 3:05-717

## SCHEDULE B

MDL-1789 -- In re Fosamax Products Liability Litigation

### Southern District of New York

*Lena Simmons v. Proctor & Gamble Pharmaceuticals, Inc., et al.*, C.A. No. 1:06-454