**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------x
IN RE: FOSAMAX PRODUCTS LIABILITY    :    1:06-MD-1789-JFK
LITIGATION, MDL No. 1789             :    1:06-cv-05088-JFK
_____x
```
*This Document Relates to*        :    **Amended Memorandum**
Karen Denise Greene v. Merck & Co.,    **Opinion & Order**
Inc., No. 1:06-cv-05088-JFK       :

```
-------------------------------------x
```
**JOHN F. KEENAN, United States District Judge:**

        Plaintiff Karen Denise Greene ("Greene") moves to voluntarily dismiss her claims pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion is granted for the reasons that follow.[1]

**Background**

        Greene commenced this action in June 2006. Following its transfer to this multidistrict litigation ("MDL"), the case and twenty-four others proceeded through expedited discovery and were eligible to become one of three early "bellwether" trials.

        On January 24, 2007, Greene submitted a sworn plaintiff profile form ("PPF"), as required of all plaintiffs in this MDL. (See Def.'s Mem. of Law in Opp'n to Pl.'s Motion to Dismiss, Ex. 2 ("Greene PPF")). Greene claimed that she developed osteonecrosis of the jaw ("ONJ") in May 2004, about

---

[1] This amended memorandum opinion and order supersedes the one issued on December 9, 2008, which incorrectly listed the docket number as "1:06-cv-05088-9449-JFK" or "1:06-cv-9449-JFK". The latter docket number belongs to another case involving a plaintiff named Greene, and is not affected by this order. The Clerk is directed to remove the prior order from the docket and to reopen 1:06-cv-9449-JFK.

two months after she started taking Fosamax. She also claimed that Dr. Edyee Sturgill diagnosed her with the condition in February 2006 and that she ceased taking Fosamax in the same month. (Id. at I.D(1)(2); VIII.A-B.)

On February 1, 2008, Merck deposed Greene. She testified to receiving the diagnosis of ONJ from Dr. Sturgill. (Def.'s Mem. in Opp'n, Ex. 3 ("Greene Dep. Tr.") at 80.)

On May 12, 2008, Merck deposed Dr. Samuel J. McKenna, the oral surgeon who treated Greene from May 2004 until July 2004, the time when her alleged ONJ first presented. (Def.'s Mem. in Opp'n, Ex. 4; Pl.'s Mem. of Law in Supp. of Motion to Dismiss, Ex. 1 ("McKenna Dep. Tr.") at 33). Dr. McKenna testified that he did not diagnose Greene with ONJ and cannot say with absolute certainty that she had the condition, although she did have delayed healing and perhaps very minimal exposed jaw bone following a tooth extraction. (Id. at 35-36.) He believes that the chances that she had developed ONJ after only two months of using Fosamax were extremely low. (Id. at 24.) At the conclusion of Dr. McKenna's deposition, plaintiff's counsel claims to have told Merck's counsel that he would discuss with Greene whether she should dismiss her case.

On August 8, 2008, plaintiff sent Merck a proposed stipulation to dismiss the case without prejudice. (Pl.'s Mem., Ex. 2.) Merck did not respond to the offer.

-2-

In mid-October, Merck notified the Court that it was selecting Greene's case as its choice for an early trial case. In a letter dated October 21, 2008, plaintiff reminded Merck of her offer to dismiss the case. (Pl.'s Mem., Ex. 3.) On October 24, 2008, Merck replied and refused to agree to a dismissal. (Pl.'s Mem., Ex. 4.)

That same day, the Court issued Case Management Order ("CMO") No. 15, which published the fact that Greene's case and two others had been selected for early trial. The order stated:

> The parties shall promptly evaluate the above [early trial] cases . . . in good faith. Should Plaintiffs decide to voluntarily dismiss any of these cases selected for trial, they shall do so in a prompt manner so that a replacement case can be selected without disrupting the trial schedule.

(CMO No. 15 (Expert Discovery, Motions, and Early Trial Schedule), § 3.) Greene's trial is scheduled to commence on January 11, 2010. (Id.)

Greene now seeks an order dismissing her claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**Discussion**

Because Merck has answered the complaint and does not consent to dismissal of the case, Greene must move pursuant to Rule 41(a)(2). That rule provides that "an action may be

- 3 -

dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Plaintiff seeks a dismissal without prejudice, but acknowledges the Court's discretion to grant dismissal on whatever terms it deems appropriate. See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996). "'Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result.'" Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at **2-3 (S.D.N.Y. Nov. 30, 2006) (quoting Gap, Inc. v. Stone Int'l Trading, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted). It is well settled that "starting a litigation all over again does not constitute legal prejudice." D'Alto, 100 F.3d at 283 (citing Jones v. SEC, 298 U.S. 1, 19 (1936)). In Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990), the Second Circuit enumerated five factors that a court must consider in determining whether a defendant will suffer prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in

preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." Id. at 14.

Merck opposes any dismissal, either with or without prejudice, and demands that Greene's case proceed to a judgment on the merits. Although this might seem counterintuitive—indeed, Merck has not cited a single case prohibiting dismissal with prejudice and forcing a plaintiff to prosecute his claims—Merck's position makes sense to those acquainted with these MDL proceedings. Merck hopes that Greene's case will serve as a vehicle for a summary judgment ruling that ONJ cannot result from less than three continuous years of Fosamax use.[2] Such a ruling has the potential to dispose of many other cases.

The Court finds that the Zagano factors weigh in favor of permitting dismissal without prejudice.

With respect to the first factor, the record does not support Merck's claim that Greene failed to exercise diligence in seeking to dismiss her case. Although Greene filed suit in June 2006, fact discovery specific to her case did not begin in earnest until February 2008. Merck argues that Greene should have learned of Dr. McKenna's opinion before the case entered the discovery stage. Yet Greene stopped seeing Dr. McKenna in

---

[2] Merck further maintains that Fosamax cannot cause ONJ under any circumstances.

July 2004. According to her PPF, a different doctor diagnosed her with ONJ in February 2006. The Court can only assume the truth of this assertion because Merck has not disputed it. Thus, Greene seems to have had a reasonable basis for commencing this action. It was not until May 2008 that she learned that Dr. McKenna's opinion would not support a diagnosis of ONJ. He did testify, however, that she had delayed healing and perhaps very minimal bone exposure following a tooth extraction in 2004, symptoms that provided at least some basis for her to believe that she had ONJ. Greene offered to dismiss her claims less than three months after learning of Dr. McKenna's opinion. Merck ignored that offer, causing an additional two-and-one-half month delay in the filing of this motion.

The case management orders in place anticipated the voluntary dismissal of some of the cases that were to be selected for expedited discovery and early trial. CMO No. 15 directs that plaintiffs promptly evaluate the cases initially selected for early trial to determine whether they should be dismissed, so that a replacement could be chosen without disrupting the schedule. Merck proposed that this specific directive be included in the CMO. Greene fully complied with it and moved to dismiss her case five days after CMO No. 15 issued.

As for the second <u>Zagano</u> factor, Greene has displayed no "undue vexatiousness" or "ill-motive." <u>See</u> <u>Banco Central De</u>

Paraguay, 2006 WL 3456521, at *5.  Merck accuses the plaintiffs' firms in this MDL of "a repeated pattern . . . of failing to conduct proper diligence on its cases, waiting until completed discovery exposes the dispositive defects in particular cases, and then seeking to strategically pull weak cases from the trial pool or backup trial pool in order to avoid a judgment on the merits." (Def.'s Mem. in Opp'n at 9.)  This strategy is designed, Merck asserts, to "keep[] other similarly weak cases alive in the hopes of achieving a global settlement." (Id.)  If Merck provides evidence establishing that any plaintiff in this MDL has filed a frivolous claim, such conduct will be sanctioned. See Fed. R. Civ. P. 11.  As discussed above, however, the record on this motion does not suggest that Greene filed or maintained her claims without a reasonable basis to believe that she had ONJ.

The Court agrees with Merck that the three-year issue is an important one that should be presented in a summary judgment motion.  As Merck has noted on many occasions, plaintiffs' expert at the class certification stage, Dr. Robert Marx, testified that there is no significant risk of ONJ until a person has used Fosamax for at least three years continuously.  The Court also recognizes that this is the second time a plaintiff who claimed to develop ONJ after less than three years of Fosamax use has sought to dismiss her case rather than oppose

-7-

a summary judgment motion. However, the dismissal of Greene's case should in no way forestall a ruling on the three-year issue. The provision in CMO No. 15 allowing Merck to file summary judgment motions "on issues of general applicability" at any time after May 8, 2009, was intended to provide a means of bringing the three-year issue to a resolution.[3]

If anything, Merck has shown a lack of bona fides by selecting Greene's case as a bellwether trial after she had offered to voluntarily dismiss it. The only reason to hold these test trials is to enable the parties to asses the nature and strength of a sample of representative cases, in the hope that the exercise will inform and promote settlement negotiations. See Manual for Complex Litig. § 22.315, at 451 (4th ed. 2005). To the extent that Greene's case is typical of others alleging ONJ after a very short duration of Fosamax use, her offer to dismiss told Merck what it professed to know already. Nothing productive could come of forcing her to go to trial, and this case hardly would promote settlement.

The third and fourth Zagano factors, the extent of the case's progression and the duplication of efforts if the case is re-litigated, also militate in favor of granting a dismissal without prejudice. Greene offered to dismiss her case before

---

[3] If the parties believe that the provision might not be adequate to achieve its purpose, they are encouraged to suggest modifications.

fact discovery had closed. Expert discovery will not be completed for another five months, and dispositive motions are due three weeks thereafter. The trial date is more than a year away. Cf. Zagano, 900 F.2d at 14. (finding that dismissal sought ten days before trial would cause defendant prejudice). Moreover, the schedule for expert discovery, motions, and trial was not even set until two months after Merck learned of plaintiff's desire to dismiss the case. If Greene re-files her case in the future, the case-specific discovery that was completed—two depositions and the production and review of her medical records—will remain of value and will not need to be duplicated.

Lastly, plaintiff has offered a good reason for moving to dismiss at this juncture. She explains that the time, effort and expense of prosecuting the case is not worth the candle in light of the revelation that the testimony of her treating oral surgeon favors the other side. She states that she will not re-file her claims unless she receives a diagnosis of ONJ, which Merck asserts is unlikely given Dr. Marx's testimony that the risk of ONJ declines significantly upon cessation of Fosamax use.

The Court also notes that Merck has consented to the dismissal without prejudice of several dozen claims in this MDL.

## CONCLUSION

For the reasons stated above, plaintiff's motion to dismiss (Master Dkt. Doc. # 428.) is GRANTED. The Clerk respectfully is directed to close the case (No. 1:06-cv-05088-JFK). Merck shall select a replacement case from the early trial pool within ten (10) days.

**SO ORDERED.**

Dated:   New York, New York
         December 10, 2008.

*[signature]*
JOHN F. KEENAN
United States District Judge