Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FOSAMAX PRODUCTS ) <br> LIABILITY LITIGATION ) <br> _____ ) <br> *This Document Relates to:* ) <br> ) <br> *John Casey, Individually and as Administrator* ) <br> *of the Estate of Ora Casey v. Merck & Co., Inc.* ) <br> Case No: 1:08-cv-00896-JFK ) <br> ) <br> *Roberta and Thomas Brodin v. Merck & Co., Inc.* ) <br> Case No. 1:07-cv-03466-JFK ) <br> ) <br> *Dorothy C. DeLoriea v. Merck & Co., Inc* ) <br> Case No. 1:08-cv-09728-JFK ) <br> ) <br> *Rebecca Quarles and Robert Schnurr,* ) <br> *her husband v. Merck & Co., Inc.* ) <br> Case No. 1:07-cv-11334-JFK ) <br> ) | MDL NO. 1789 <br> 1:06-md-1789 (JFK) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MERCK & CO., INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby files this reply memorandum in support of its motion for summary judgment on all claims advanced by plaintiffs John Casey ("Casey"), Roberta and Thomas Brodin ("Brodin"), Dorothy Deloriea ("Deloriea"), and Rebecca and Robert Quarles ("Quarles") (collectively, "Plaintiffs"). Plaintiffs do not argue that their claims are timely under Virginia law. Instead, they seek to avoid the law of Virginia by contending that New York or federal law tolled the limitations period applicable to their claims, based upon the doctrine set forth in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). These arguments are not correct for three reasons. First, the federal *American Pipe* tolling doctrine only applies to limitations periods governed by federal law, and does not apply in diversity cases, which are governed by state law tolling rules. Second, New York's borrowing statute requires that Virginia's two-year limitations period *and any related tolling rules* must be applied to this case. Third, as the Fourth Circuit has held, Virginia does not recognize cross-jurisdictional tolling. Virginia would not toll the limitations period applicable to Plaintiffs' claims on account of a class action lawsuit filed in Tennessee. Plaintiffs' claims are untimely, and summary judgment should be granted.[1]

## I. The Limitations Period, Based On Virginia Law, Was Not Tolled On Account Of The Filing Of A Class Action Complaint In Tennessee.

### A. *American Pipe* Tolling Under Federal Law Does Not Apply In A Products Liability Case Based Upon Diversity Jurisdiction.

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to

---

[1] Plaintiffs are wrong to claim, in the last section of their Opposition, that Merck's Motion "violates" Case Management Order No. 15 ("CMO 15"). Plaintiffs themselves cite the portion of CMO 15 which states that dispositive motions may be filed "on issues of general applicability." The phrase "issues of general applicability" includes the issues raised in this Motion that affect multiple cases, such as the application of the Virginia statutes of limitation to multiple Virginia plaintiffs or the application of *American Pipe* to Plaintiff's claims. There is no reason for further delay in the resolution of such general issues, and Merck respectfully submits that this Motion should be decided at this time.

1

all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554; *see also Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983). *American Pipe*, however, applied a federal limitations period to a federal cause of action, and did not address any issue of state law. The federal doctrine expressed in *American Pipe* does not apply in diversity cases such as those at issue in these MDL proceedings.

The Second Circuit and this Court repeatedly have rejected efforts to apply *American Pipe* to products liability cases based upon diversity jurisdiction. *See In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 210, 213 (2d Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988) (holding that "[t]he limitations periods of *American Pipe* and *Crown, Cork* were derived from federal statutes," and finding it "doubtful" whether this federal tolling doctrine could be applied in a diversity case); *In re Rezulin Prods Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2006 WL 695253, at *1 (S.D.N.Y., March 15, 2006) (stating that, "[w]here, as here, a plaintiff seeks to toll a state statute of limitations on purely state law claims, state law rather than federal law governs," and concluding that "Florida does not permit class action tolling"); *In re Rezulin Prods Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2005 WL 26867, at *3 (S.D.N.Y., Jan. 5, 2005) (noting that "[i]n the absence of any suggestion that the New Mexico Supreme Court would adopt the *American Pipe* rule in these circumstances, this Court declines to do so"); *Williams v. Dow Chemical Co.*, No. 01 Civ. 4307 (PKC), 2004 WL 1348932, at *11 (S.D.N.Y. 2004) (rejecting *American Pipe* tolling because (1) state, and not federal, tolling laws applied to products liability claim and (2) New York's borrowing statute required the application of Illinois tolling rules, which did not permit *American Pipe* tolling).[2]

---

[2] Numerous other federal courts similarly have rejected efforts to apply *American Pipe*, rather than state law, to toll products liability claims. *See, e.g., Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282

This result is mandated by the Supreme Court's long-standing rule that diversity courts must apply substantive state law, including those that govern application of a limitations statute:

> State statutes of limitations are substantive rules of law for *Erie* purposes. When jurisdiction is based on diversity of citizenship, a federal court is obliged to apply a state statute of limitations. In addition ... state rules that are an integral part of the statute of limitations, such as tolling rules, apply to state claims brought in federal court.

17 MOORE'S FEDERAL PRACTICE 3D § 124.03, at 19-20; *see also Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 532-33 (1949) (stating that where "local law undertook to determine the life of the cause of action" in a diversity case, "[w]e cannot give it longer life in the federal court than it would have had in the state court"). The Supreme Court itself adopted this same reasoning in *Chardon v. Soto*, 462 U.S. 650, 662 (1983), which addressed *American Pipe* tolling under 42 U.S.C. § 1983. Section 1983 is a federal cause of action that is governed by state statutes of limitations, and the Supreme Court held that, where the federal statute borrowed the state limitation period, the federal *American Pipe* doctrine did not apply. *Id.* Plaintiffs cannot rely upon *American Pipe*, but must show that they are entitled to tolling under the appropriate state law.[3]

---

(11th Cir. 2003) (applying Florida law); *Wade v. Danek Medical Inc.*, 182 F.3d 281 (4th Cir. 1999) (applying Virginia law); *Vaught v. Showa Denko, K.K.*, 107 F.3d 1137, 1147 (5th Cir.), *cert. denied*, 522 U.S. 817 (1997) (concluding that the federal interests expressed in *American Pipe* "do[] not trump the Texas tolling rule"); *In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 809 (E.D. La. 2007) (applying Pennsylvania law); *Cox v. Depuy Motech, Inc.*, No. 95-CV-3848-L(JA), 2000 WL 1160486 (S.D. Cal., March 29, 2000) (applying California law); *Barela v. Denko K.K.*, 1996 WL 316544, 3 (D.N.M.1996) (applying New Mexico law); *West Haven School Dist. v. Owens-Corning Fiberglas Corp.*, 721 F.Supp. 1547, 1554 (D.Conn.1988) (applying Connecticut law).

[3] The cases cited by Plaintiffs do not support any claim that this Court should toll their claims under the federal *American Pipe* doctrine. In the two appellate decisions they cite, both appellate courts plainly were predicting whether the relevant *state laws* would adopt *American Pipe* in some form. *See Hemenway v. Peabody Coal. Co.*, 159 F.3d 255, 265-66 (7th Cir. 1998) (predicting Indiana law); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (predicting Colorado law). The two trial court decisions simply held that, even if *American Pipe* applied, the claims would still have been time barred. *Loengard v. Santa Fe Industries, Inc.*, 573 F. Supp. 1355, 1360-61(S.D.N.Y. 1983); *In re Zyprea Prods. Liab. Litig.*, 257 F.R.D. 370, 376 (E.D.N.Y. 2009).

3

B.     **New York Tolling Rules Do Not Apply.**

The appropriate state law in these cases is that of Virginia, not the law of New York. The Plaintiffs are Virginia residents who were injured in Virginia, and their claims accrued in Virginia. New York's borrowing statute provides that an action filed by a non-resident of New York (here, Plaintiffs) alleging causes of action arising outside of New York (here, in Virginia) requires application of the shorter of either New York's statute of limitations or of the statute of the state where the cause of action accrued. N.Y. C.P.L.R. §202; *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002); *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 399 (S.D.N.Y. 2006). The Plaintiffs effectively concede that their claims are governed by Virginia's two-year limitations period. *See* Plfs' Opp. at 1-2.

Plaintiffs cannot avoid the operation of the Virginia limitations period by citing *New York*'s tolling rules.[4] As the New York Court of Appeals has held, when a foreign state's statute of limitations is borrowed under the New York borrowing statute, "'[a]ll the extensions and tolls applied in the foreign state must be imported with the foreign statutory period, so that the *entire* foreign statute of limitations . . . applie[s], and not merely its period." *Smith Barney, Harris Upham & Co. v. Luckie,* 623 N.Y.S.2d 800, 808 (N.Y.), *cert. denied*, 516 U.S. 811 (1995)

---

[4] Although the Court need not address the issue, Merck does *not* agree with Plaintiffs' claim that New York law would permit tolling of the Plaintiffs' statute of limitations on account of the *Gwendolyn Wolfe* class complaint. As discussed in § I.C, *supra*, few states have recognized cross-jurisdictional tolling and the federal courts should not infer that any state would do so without clear state authority. None of the cases cited by Plaintiffs support any conclusion that the New York State courts would toll a claim arising under New York law based upon a federal class action filed in Tennessee. *Yollin v. Holland Am. Cruises*, 468 N.Y.S.2d 873 (N.Y. Super, App. Div., 1st Dep't. 1983), *Paru v. Mut. of Am. Life Ins. Co.*, 863 N.Y.S.2d 151 (N.Y. Super, App. Div., 1st Dep't. 2008), and *Snyder v. Town Insulation, Inc.*, 599 N.Y.S.2d 515 (N.Y. 1993) did not involve cross-jurisdictional tolling, but addressed only whether New York would apply *American Pipe* tolling based on a class action filed in New York *state* courts. *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987) applied *American Pipe* tolling to a federal RICO claim, where a prior New York state class action had been filed. These cases give no indication that New York would join the small minority of jurisdictions that have recognized cross-jurisdictional tolling. Even if New York tolling rules applied, the Court should hold that New York, like Virginia, has not recognized cross-jurisdictional tolling.

4

(quoting McLaughlin, *Practice Commentaries*, MCKINNEY'S CONS. LAWS OF N.Y., Book 7B, CPLR C202:3, at 109) (emphasis in original)); *see also Antone v. General Motors Corp.*, 473 N.E.2d 742, 747 (NY 1984).

In *Williams v. Dow Chemical Co.*, No. 01 Civ. 4307 (PKC), 2004 WL 1348932 (S.D.N.Y. 2004), this Court rejected a similar effort by a Illinois plaintiff to salvage her claims by citing New York's tolling rules. This Court concluded that the New York borrowing statute required the application of Illinois tolling rules to the Illinois statute of limitations:

> The New York statute expresses a legislative preference to preclude plaintiffs who could not bring their claims in the courts of their home state from instituting them in New York. The nature of New York's borrowing statute requires a consideration of what would have occurred had a suit been brought where a non-resident's course of action accrued even though it has been brought in New York.

*Id.* at *12; *see also id.* at *13 (observing that this result was mandated by "[t]he policies that underlie *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)"). The Court found the plaintiff's claims to be barred by the Illinois statute of limitations, because Illinois would only recognize tolling on account of a class action filed in Illinois state courts. *Id.* at *12.[5] Here, Plaintiffs' claims are barred unless they can demonstrate that they would be entitled to tolling under the laws of *Virginia*.

### C.    Plaintiffs' Claims Were Not Tolled Under Virginia Law.

While Plaintiffs effectively concede that the Virginia statute of limitations applies to their claims, *see* Plfs' Opp. at 4-5, Plaintiffs cannot claim that Virginia law permits tolling on account of the *Gwendolyn Wolfe* action, which was filed in a Tennessee federal court. Such a claim

---

[5] The Vioxx MDL Court applied similar reasoning when applying Louisiana's prescription statute in *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897 (E.D. La. 2007). Lousiana's prescription law required the Court to "determine whether the plaintiffs' claims are barred under their home states," and doing so, the Court held that it would be required to "examine each state's tolling law to determine whether or not the states recognize class action tolling, by adopting the *American Pipe* rationale or otherwise." *Id.* at 907-08.

5

would require Plaintiffs not only to show that Virginia would toll its statute of limitations on account of claim pending in its *own* courts, but that Virginia would go further and recognize class-action tolling based upon class actions filed in *other* jurisdictions. This is referred to as "cross jurisdictional tolling," and few states have adopted it. As the Fourth Circuit held in *Wade v. Danek Medical, Inc.*, 182 F.3d 281 (4th Cir. 1999), there is no indication that Virginia, which does not even provide for tort class actions, would adopt such a rule.

A federal court should only conclude that a state has adopted cross-jurisdictional tolling where state law clearly provides for it. *See In re Vioxx Prods. Liab. Litig.*, 522 F. Supp.2d 799, 806 (E.D. La. 2007). As the *Vioxx* MDL Court recently stated, "[i]n applying state-law tolling doctrines . . . , the Court will not presumptuously affect a 'substantive innovation' on behalf of the states by expanding upon their limited class action tolling holdings." *Id.* (citing *Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409, 410 (5th Cir.1980));[6] *see also Wade*, 182 F.3d at 287 (concluding that the federal courts "should not create or expand [a] State's public policy," and that while some states had applied *American Pipe* tolling to class actions filed in *their own* courts, "only a very few have even addressed the question of 'cross-jurisdictional' equitable tolling, much less allowed such tolling").

Federal courts should be particularly cautious about mistakenly "creating" new tolling rules in mass tort cases such as these MDL proceedings. Given the widespread rejection of mass-tort class actions, particularly nationwide class actions such as those alleged in the *Gwendolyn Wolfe* complaint, a prospective plaintiff could not reasonably expect that a class that

---

[6] Based upon this reasoning, the Vioxx MDL Court concluded that, while Pennsylvania would permit class action tolling based upon an action filed in Pennsylvania state court, it would not be proper to "expand Pennsylvania's tolling doctrine" to apply to a class action filed in Pennsylvania federal court. *In re Vioxx*, 522 F. Supp. 2d at 809. The Court similarly concluded that, while Puerto Rico had recognized class-action tolling based upon class actions filed in its own Court, Puerto Rico "has not explicitly adopted cross-jurisdictional tolling," and "[a]bsent clear guidance, the Court will not expand Puerto Rico's class action tolling doctrine." *Id.* at 811

6

includes her claims would be certified, and would have no reasonable basis to delay filing her own lawsuit. *See, e.g., Jolly v. Eli Lilly & Co.*, 751 P.2d 923 (Cal. 1988) (stating that the "same reasons that render certification of mass-tort claims generally inappropriate render inappropriate the application and extension of *American Pipe*"); *Barela v. Showa Danko, K.K.*, 1996 W.L. 316544, at *3-4 (D.N.M. 1996); *Bell v. Showa Denko, K.K.*, 899 S.W.2d 749 758 (Tex. App. 1995) (declining to extend tolling under Texas class action provisions to mass personal injury L-tryptophan suit); *see also* Mitchell A. Lowenthal & Norman Menachem Feder, *The Impropriety of Class Action Tolling for Mass Tort Statutes of Limitations,* 64 Geo. Wash. L.Rev. 532 (1996).

There can be no reasonable basis to conclude that Virginia would adopt cross-jurisdictional tolling. Virginia "has no statute providing that the statute of limitations in a subsequently filed state action should be equitably tolled during the pendency of either a state or a federal class action, and no Virginia court has ever applied such a rule." *Wade*, 182 F.3d at 286. Virginia does not recognize tort class actions in its own courts. *Almeter v. Virginia Dept. of Taxation*, No. LL-821-4, 2000 WL 1687589, at *1 n.1 (Va. Cir. Ct., November 6, 2000) (noting that "[c]lass actions are not generally allowed in Virginia"); *Miller v. Nat'l Wildlife Federation*, 1987 WL 488717 (Va. Cir. Ct., Sept. 11, 1987) (stating that "Virginia has no class action statute or rule similar to Rule 23 of the Federal Rules of Civil Procedure"). Lacking tort class actions, Virginia obviously has no reason to adopt *American Pipe* tolling within its own jurisdiction. Even more important, Virginia "simply has no interest, except perhaps out of comity, in furthering the efficiency and economy of the class action procedures of another jurisdiction, whether those of the federal courts or those of another state." *Wade*, 182 F.3d at 287.

7

In addition, as the Fourth Circuit noted in *Wade*, Virginia has a specific statute that provides for tolling of its limitations period in certain situations, but which does not provide for tolling on account of a pending class action. *See* Va. Code § 8.01-229 (1998), *cited by Wade*, 182 F.3d at 286 n.4. The Virginia Supreme Court has held that "[i]n light of the policy that surrounds statutes of limitation, the bar of such statutes should not be lifted unless *the legislature* makes unmistakably clear that such is to occur in a given case. Where there exists any doubt, it should be resolved in favor of the operation of the statute of limitations." *Burns v. Board of Supervisors,* 315 S.E.2d 856 (Va. 1984) (emphasis added), *cited by Wade*, 182 F.3d at 286 n.4 (including emphasis).

Finally, there is no policy reason why Virginia would wish to adopt cross-jurisdictional tolling. As the Fourth Circuit noted, cross-jurisdictional tolling would "render the Virginia limitations period effectively dependent on the resolution of claims in other jurisdictions, with the length of the limitations period varying depending on the efficiency (or inefficiency) of courts in those jurisdictions," while Virginia "has historically resisted such dependency." *Wade*, 182 F.3d at 288. Further, "if Virginia were to adopt a cross-jurisdictional tolling rule, Virginia would be faced with a flood of subsequent filings once a class action in another forum is dismissed, as forum-shopping plaintiffs from across the country rush into the Virginia courts to take advantage of its cross-jurisdictional tolling rule, a rule that would be shared by only a few other states." *Wade*, 182 F.3d at 187. Plaintiffs have not, in fact, argued that Virginia recognizes cross-jurisdictional tolling, there is no basis for them to do so. Plaintiffs' claims are barred by Virginia's two-year statute of limitations.

## II. Plaintiff DeLoriea's Claims Are Untimely.

Only Plaintiff DeLoriea presents an argument specific to her case. She is wrong,

8

however, to contend, in Section II of Plaintiffs' Opposition, that Merck "incorrectly calculate[d]" the date of her injury. Merck made no calculation whatsoever, but relied on the date that DeLoriea herself stated, under oath, was the date on which her injury occurred. In her sworn Plaintiff Profile Form, DeLoriea stated that her injury occurred on May 24, 2004. (Rule 56.1 Statement ¶ 9; Ex. 7, DeLoriea PPF, §I.D.2 at 3). DeLoriea cannot now contradict her own sworn statement in an effort to avoid summary judgment. *See Margo v. Weiss*, 213 F.3d 55, 60-61 (2d Cir. 2000) (plaintiff cannot defeat summary judgment by recanting earlier testimony). Moreover, DeLoriea's argument does not save her claims, even if it were correct. Even if DeLoriea's injury occurred on October 29, 2004, she did not file suit until more than four years later, on November 12, 2008. Virginia's two-year statute of limitations expired with respect to her claims long before she filed her complaint, regardless of which date of injury is used.[7]

## CONCLUSION

For the foregoing reasons, Merck asks that the Court enter summary judgment as to all claims by each Plaintiff in these cases.

---

[7] In fact, DeLoriea's claims would *still* be untimely even if Virginia recognized cross jurisdictional tolling, which it does not. No motion for certification of a personal injury class was ever made in the *Gwendolyn Wolfe* case, and no potential plaintiff could have believed that there was a pending personal injury class action in the *Gwendolyn Wolfe* case after August 17, 2007, which was the last date on which such a motion could have been filed. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1019 (9th Cir.2000) (holding that any tolling had ceased after the deadline for filing class certification motions had passed); *see also Smith v. Pennington*, 352 F.3d 884, 896 (4th Cir. 2003) (finding that, where a motion for class certification sought a class that was more narrow than that sought in complaint, tolling only applied to the narrower class sought in the motion). Only 23 months and 2 days passed between the filing of the class complaint in *Wolfe* and August 17, 2007, while Plaintiff's claim was filed 48 months and 14 days after the *later* date she contends that she was injured (October 29, 2007), leaving a time lapse of more than 2 years. Thus, even if the later injury date were used *and* even if Virginia recognized cross-jurisdictional tolling (which it does not), DeLoriea's claims still would be barred by Virginia's two-year statute of limitations.

DATED:   New York, New York
         August 6, 2009

                Respectfully submitted,

                HUGHES HUBBARD & REED LLP


                By: _____/s/_____
                    Norman C. Kleinberg
                    Theodore V. H. Mayer
                    William J. Beausoleil

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

10