```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
IN RE:                                    :
FOSAMAX PRODUCTS LIABILITY LITIGATION     :   06 MD 1789 (JFK)
----------------------------------------- :
This document relates to all actions.     :   ORDER
----------------------------------------- X
```

**John F. Keenan, United States District Judge:**

    The assertion in Mr. O'Brien's letter dated October 5, 2011, that the Court indicated the Plaintiffs' Steering Committee could "pick" the "next case for trial" is absolutely inaccurate. Mr. O'Brien made no such request, and there was no discussion between the Plaintiffs' Steering Committee, Merck Sharp & Dohme Corp., and the Court concerning the selection of a new case for trial to replace Raber v. Merck & Co., Inc., 06 Civ. 6295 (JFK).

    Arcemont v. Merck & Co., Inc., 07 Civ. 2389 (JFK) will not be the next case tried.

**SO ORDERED.**

Dated:    New York, New York
            October 11, 2011

                                            /s/ John F. Keenan
                                            John F. Keenan
                                  United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 11, 2011
```



# Levin, Papantonio,
Thomas, Mitchell,
Echsner, Rafferty & Proctor, P.A.
Attorneys at Law

FROM: Timothy M. O'Brien, Esquire
Telephone: (850) 435-7084
E-mail: tobrien@levinlaw.com
Fax: (850) 436-6084

P.O. Box 12308
316 South Baylen Street
Suite 600
Pensacola, FL 32502

## FAX COVER SHEET

TO: Honorable John F. Keenan

DATE: October 5, 2011

FAX NO.: 212-805-7911

TOTAL # OF PAGES
(including cover page): 2

FILE #: Arcemont/122248

MESSAGE:


RECEIVED
OCT -5 2011
JUDGE KEENAN'S CHAMBERS

*THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE BY THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, THEN DISCARD IT. THANK YOU.*

*ANY PROBLEMS WITH THIS TRANSMISSION, CALL (850) 435-7084*



**LEVIN · PAPANTONIO**
**THOMAS · MITCHELL**
**RAFFERTY & PROCTOR · P.A.**
PROFESSIONAL CORPORATION       ATTORNEYS AT LAW

SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOOLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC O. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

October 5, 2011

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007-1312

**Via Facsimile Transmission 212-805-7911**

RE:   In re Fosamax Products Liability Litigation
      MDL No. 1789
      This document relates to:
      Arcemont v. Merck, Sharp & Dohme Corp.
      Case No. 1:07-CV-02389



Dear Judge Keenan:

Following up on our conversation in the robing room during which you indicated that the Plaintiffs Steering Committee can pick the next case for trial in exchange for Merck's requested delay in re-setting the *Boles* trial for the damages phase, we would ask the Court to set for trial the Bridget Arcemont case, Case No. 1:07-cv-02389. While Bridget Arcemont is from the Western District of Louisiana, she has agreed to waive *Lexecon* if Merck so consents.

In the event that Merck does not so consent to waive *Lexecon*, then we would request the Court remand this case to the home district as something of a "bellwether" remand case: i.e., this Court could suggest this one case for remand to the JPML and then the trial court could try the case, using the work product developed at the MDL. This would be a perfect situation to "work out the kinks" for the post-MDL remand process through the vehicle of one remanded case, which serves as a test case to make sure the process works smoothly for the post-MDL trial court. Cases have already been remanded in the Novartis ONJ MDL and post-remand trials have already occurred. By remanding the one case for trial in the home district court, this Court can create something of a crucible for the post-MDL fate of MDL No. 1789, and thereby ensure that the MDL process has given the post-MDL trial judges the tools that they need in order to try these cases in the event that Merck does not settle the Fosamax MDL early next year.

Sincerely,

TIMOTHY M. O'BRIEN
For the Firm

TMO/ce
cc:   James Green, Esquire (via email)
      Paul Strain, Esquire (via email)
      Bill Beausoleil, Esquire (via email)



# Levin, Papantonio,
### Thomas, Mitchell, Echsner, Rafferty & Proctor, P.A.
Attorneys at Law

FROM: Timothy M. O'Brien, Esquire
Telephone: (850) 435-7084
E-mail: tobrien@levinlaw.com
Fax: (850) 436-6084

P.O. Box 12308
316 South Baylen Street
Suite 600
Pensacola, FL 32502

## FAX COVER SHEET

TO: Honorable John F. Keenan

DATE: October 5, 2011

FAX NO.: 212-805-7911

TOTAL # OF PAGES
(including cover page): 2

FILE #: Raber/121470

MESSAGE:



RECEIVED
OCT -5 2011
JUDGE KEENAN'S CHAMBERS

*THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR USE BY THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, DO NOT READ IT. PLEASE IMMEDIATELY REPLY TO THE SENDER THAT YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, THEN DISCARD IT. THANK YOU.*

*ANY PROBLEMS WITH THIS TRANSMISSION, CALL (850) 435-7084*



**LEVIN • PAPANTONIO**
**THOMAS • MITCHELL**
**RAFFERTY & PROCTOR • P.A.**
PROFESSIONAL CORPORATION    ATTORNEYS AT LAW

SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

October 5, 2011

*OCT -5 2011 JUDGE KEENAN'S CHAMBERS*

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007-1312

**Via Facsimile Transmission 212-805-7911**

    RE:    In re Fosamax Products Liability Litigation
             MDL No. 1789
             This document relates to:
             Raber v. Merck, Sharp & Dohme Corp.
             Case No. 1:06-CV-06295

Dear Judge Keenan:

    Following up on our conversation during the Secrest trial, this will confirm that Sarah Raber will not be able to leave the Pensacola area and appear for the scheduled November trial date given her husband's unfortunate medical condition for which she remains his caregiver.

                              Sincerely,

                              TIMOTHY M. O'BRIEN
                              For the Firm

TMO/bt




Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

William J. Beausoleil
Direct Dial: 212-837-6643
beausole@hugheshubbard.com

October 11, 2011

VIA HAND DELIVERY AND ELECTRONIC MAIL

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

    Re:   *In re Fosamax Products Liability Litigation*, 1:06-MD-1789 (JFK)

Dear Judge Keenan:

    I write on behalf of Defendant Merck Sharp & Dohme Corp. ("Merck") to respond to Mr. O'Brien's two letters from October 5th. Mr. Strain's letter, which I am submitting contemporaneously herewith, responds to Mr. O'Brien's claimed new right to pick a new bellwether case for trial.

    The *only* case that currently needs to be set for trial is the replacement for the *Raber* case. Pursuant to this Court's order, that replacement case is *Hennrich v. Merck & Co., Inc.*, 2006-cv-2014. The reason this is so is as follows:

- Shortly before the *Graves* trial commenced in late October of last year, the Court ordered two additional bellwether trials, one to be selected each by PSC and Defendant from the "pool of trial-ready cases," *i.e.*, those that had previously been worked up in the MDL through fact discovery. (Order 1–2, Sept. 9, 2010, ECF No. 927.)

- As part of that process, the Court ordered that each party choose two "alternates" in case its selection did not proceed to trial. (*Id.* at 2 (emphasis supplied) ("If Merck settles the case selected by the PSC, then the PSC's back-up case will take its place. Likewise, *if the plaintiff selected by Merck dismisses her case without settlement, then Merck's back-up case will take its place.*").)

- By *ex parte* letter, the PSC chose *Secrest*, which was recently tried to verdict.

- By letter dated September 17, 2010, Merck chose *Hester* as its primary selection, with *Raber* and *Hennrich*, as its first and second alternate selections, respectively.

- *Hester* was dismissed with prejudice by an order of voluntary dismissal signed by the parties on April 12, 2011, and signed by the Court on April 15, 2011. (Stip. & Order of Dismissal with Prejudice, Apr. 15, 2011, ECF No. 1006.)

- On April 27, 2011, the Court issued an order 1) recognizing that "by letter dated September 17, 2010, Merck selected *Hester* as its primary selection and *Raber v. Merck & Co., Inc.*, No. 06 Civ. 6295 (JFK), as its first alternate selection" and 2) "order[ing] that] *Raber v. Merck & Co., Inc.*, 06 Civ. 6295 (JFK), shall replace *Hester* as the fifth bellwether case in the Fosamax MDL" with trial set "to commence on November 7, 2011, at 10:00 a.m." (Order, Apr. 27, 2011, ECF No. 1010.)

- On October 5, 2011, Tim O'Brien submitted a letter to the Court confirming that Plaintiff in the *Raber* case would not appear for trial, thus causing the imminent dismissal of that case.

Because neither Merck's first nor second choice bellwether selections will be tried based on Plaintiff's decisions to have their cases dismissed rather than tried in this Court, Merck's third choice (*Hennrich*) should be set for trial, in accordance with the Court's September 9, 2010 order. That is exactly the process the Court followed in its Order of April 27, 2011, when it replaced *Hester* with *Raber*, and is exactly the process the Court originally put in place in its September 9, 2010 order. Thus, assuming the Court agrees, the parties simply need to know when it is the Court wishes to set *Hennrich* for trial.[1]

Next, with respect to Mr. O'Brien's letter regarding the *Raber* case, it would appear that the Court needs to enter some form of order removing this case from its trial calendar. Now that Plaintiff has stated her clear intention not to appear for trial in November, in the event Plaintiff is unwilling to enter into a Rule 41(a) stipulation of dismissal as Plaintiff in the *Hester* case did this April -- and it appears that this may be the case based on statements from her counsel and the October 5th letter which makes no reference to voluntary dismissal -- the Court should enter a Rule 41(b) dismissal for failure to prosecute.[2] It is well-settled that an involuntary dismissal is appropriate in situations like this case where a plaintiff does not intend to proceed to trial on her claims. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) ("It is beyond dispute that a

---

1. Here, Merck notes that the Court may wish to schedule *Hennrich* closer in time to the trial date (November 28, 2011) that would have been the date for the trial of the *Raber* case. *Hennrich* could for example be slotted into the *Spano* slot on February 27, 2012 -- with *Spano* scheduled a few months hence -- at the Court's discretion. (As an update to the Court as to the procedural stance of both cases, fact discovery is completed in *Hennrich* but has not yet begun in *Spano*. The parties in *Spano* have been discussing scheduling, and it is Merck's intention to submit a scheduling order to the Court on agreement, or otherwise, shortly. *Hennrich* is through factual discovery because it, unlike *Spano*, was selected from a series of "trial ready cases.") Of course, Merck is willing to try both *Hennrich* and *Spano* on whatever schedule the Court deems best.

2. While Merck is willing to file a motion seeking a Rule 41(b) dismissal if the Court directs it to do so, a formal motion appears not to be necessary. Although not explicit in Rule 41(b), a court may dismiss *sua sponte* a claim with prejudice for failure to prosecute. *Harding v. Goord*, 135 Fed. App'x 488, 488 (2d Cir. 2005). Such authority "is an inherent . . . control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."); *see also Gravatt v. Columbia Univ.*, 845 F.2d 54, 57 (2d Cir. 1988) (where plaintiff fails "to prepare the case promptly for trial . . . involuntary dismissal for failure to prosecute [is] appropriate"); *Depperman v. Drug, Hosp. & Health Care Emps. Union, Local 1199*, No. 91 Civ. 6696, 1995 WL 908011, at *1 (S.D.N.Y. Aug. 10, 1995) (Keenan, J.) (holding that involuntary dismissal is appropriate where "Plaintiff has unequivocally stated [an] intention not to prosecute [her] claims"); *Curtis v. Phillips*, No. 05-CV-0698, 2009 WL 36856, at *2 (W.D.N.Y. Jan. 6, 2009) (holding that, where plaintiff clearly expresses an intent not to appear for trial, a court should dismiss her complaint with prejudice).

In closing, I offer one further point -- Mr. O'Brien's letter speaks of "the post-MDL remand process" as if the Court may not seek at an appropriate point in the future to have the MDL transferred to another judge, which under the circumstances may be the better alternative. Because Mr. O'Brien's discussion is tied to his incorrect assertion that he has been given a new right to pick a new case for trial, we need not address that discussion here.

Respectfully submitted,

*/s/ JR*

cc: Paul Strain, Esq.
    Timothy O'Brien, Esq.
    Daniel Osborn, Esq.
    David Dickens, Esq.



750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

Paul F. Strain             410-244-7717             pfstrain@venable.com

October 11, 2011



VIA ELECTRONIC MAIL

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

Re:   *In re Fosamax Products Liability Litigation*, 1:06-MD-1789 (JFK)

Dear Judge Keenan:

    Mr. Beausoleil is addressing more comprehensively Mr. O'Brien's two letters of October 5th. I write in direct response to Mr. O'Brien's assertion that Your Honor articulated a *quid pro quo* relating to the setting of the *Boles* trial, giving him a new right to "pick the next case for trial." That assertion is completely inaccurate. Your Honor did not give Mr. O'Brien that right. Mr. O'Brien did not request it. Picking the next case for trial was not even discussed.

    I regret that I must be so blunt, but under the circumstances, I cannot be otherwise.

Respectfully,

Paul F. Strain

PFS/aj
BA2-427126

cc: Timothy M. O'Brien, Esq.