UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re:                                                             :
FOSAMAX PRODUCTS LIABILITY LITIGATION :
------------------------------------------------------------------ :
This document relates to:                                          :
                                                                   :
*Mahuron v. Merck & Co., Inc.*,                                    :
                            No. 07 Civ. 7298 (JFK)                 :
------------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  06/12/2012
```

Master File No.
06 MD 1789 (JFK)

MEMORANDUM
OPINION AND ORDER

John F. Keenan, United States District Judge:

  Anapol, Schwartz, Weiss, Cohan & Feldman, P.C. ("AnapolSchwartz"), counsel for plaintiff Tamma Mahuron ("Plaintiff"), seeks the Court's leave to withdraw as counsel under Civil Rule 1.4 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York. For the reasons stated below, the application is granted.

## I. BACKGROUND

  AnapolSchwartz seeks to withdraw from representing Plaintiff in this litigation due to Plaintiff's failure to communicate with her attorneys, Gregory S. Spizer, Esq., David Jacoby, Esq., and Amber Racine, Esq., or to cooperate in the prosecution of her case against defendant Merck Sharp & Dohme Corp ("Merck").

  In support of the motion to withdraw, AnapolSchwartz submits the affidavit of Ms. Racine, an associate at the firm. Ms. Racine attests that she attempted to contact her client by letters sent in April, July, and October of 2010. Ms. Racine further attests that she attempted to obtain her client's signature on documents necessary to pursue her client's claims in February and June of 2011. AnapolSchwartz claims that despite these efforts, Plaintiff has not responded to Ms

Racine's letters, nor provided any of the documents Ms. Racine had requested. (Racine Affirm. Supp. Mot. ¶¶ 1(b)–(c), Feb. 8, 2012, ECF No. 100.)

The letters attached as exhibits to Ms. Racine's Affirmation reflect that Plaintiff made some effort to contact her attorneys. Specifically, Ms. Racine's letter dated October 13, 2010, indicates that a conversation took place between Plaintiff and a paralegal at AnapolSchwartz. (*See id.* Ex. C.) However, the letters contain no reference to a conversation between Ms. Racine and Plaintiff, and AnapolSchwartz has apparently not received a written response to its inquires.

Ms. Racine has notified Plaintiff that AnapolSchwartz would seek to withdraw as her counsel in this litigation on two separate occasions, in letters dated October 13, 2010, and November 21, 2011. (*Id.* Exs. E, F.) In her November 2011 letter, Ms. Racine informed her client that AnapolSchwartz would file a motion to withdraw if Plaintiff failed to contact the firm by December 5, 2011.

When Ms. Racine signed her Affirmation in support of the motion to withdraw on February 2, 2012, she had received neither the requested documents nor any response to her letter dated November 21, 2011. A Certificate of Service appended to the motion to withdraw indicates that Ms. Racine mailed copies of the motion to withdraw to Plaintiff. By its letter dated June 11, 2012, AnapolSchwartz clarified that it is not seeking a retaining or charging lien. (Racine Ltr. 1, June 11, 2012, ECF No. 102.)

II. DISCUSSION

Local Civil Rule 1.4 requires any "attorney who has appeared as attorney of record for a party" to seek the Court's leave prior to withdrawing from a case. The

Court is permitted to grant leave to withdraw "only upon a showing . . . of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." Additionally, "[a]ll applications to withdraw must be served upon the client and . . . upon all other parties."

In the Southern and Eastern Districts of New York, the term "satisfactory reasons" has been construed to include "failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (citing *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 95 Civ. 2839 (RPP) (AJP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997)); *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (citing *In re Albert*, 277 B.R. 38, 48 (Bankr. S.D.N.Y. 2002)).

AnapolSchwartz has complied with the requirements of Local Civil Rule 1.4 and shown satisfactory reasons for withdrawal in this action. As required under Local Civil Rule 1.4, AnapolSchwartz has stated that it is not seeking a retaining or charging lien and has served Plaintiff and Merck with copies of its motion. While Ms. Racine's Affirmation does reflect that there was some effort by Plaintiff to communicate with AnapolSchwartz, Plaintiff's extended failure to cooperate with her attorneys' attempts to prosecute her action against Merck creates a *prima facie* case for withdrawal under Local Civil Rule 1.4. Furthermore, Plaintiff will not be

prejudiced by her counsel's withdrawal because Plaintiff's action is a member case in the *In re Fosamax Products Liability Litigation* multidistrict litigation that has not progressed past the pleading stage. In consideration of these factors, the Court finds it appropriate to grant the motion for withdrawal.

### III. CONCLUSION

AnapolScwartz, Ms. Racine, and Messrs. Spizer and Jacoby are hereby granted leave to withdraw pursuant to Local Civil Rule 1.4. Plaintiff Tamma Mahuron is directed to inform the Court whether she has found substitute counsel or intends to proceed *pro se* by July 12, 2012. AnapolSchwartz is directed to serve a copy of this Order on Tamma Mahuron.

The Clerk of Court is directed to close the open motion at ECF No. 99 in No. 07 Civ. 7298.

SO ORDERED.

Dated:   New York, New York
         June 12, 2012

                                        _____
                                        John F. Keenan
                                        United States District Judge