USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan. 24, 2013

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE:                                  :
FOSAMAX PRODUCTS LIABILITY LITIGATION   :   No. 06 MD 1789 (JFK)
----------------------------------------:
This document relates to:               :       MEMORANDUM
Naydeck v. Merck,                       :     OPINION & ORDER
     No. 10 Civ. 4831 (JFK)             :
----------------------------------------X
```

**John F. Keenan, United States District Judge:**

    Before the Court is Plaintiff Nancy Naydeck's ("Naydeck" or "Plaintiff") motion to amend her Complaint to add (1) the allegation that Fosamax caused her to suffer a femur fracture, and (2) a claim for punitive damages. For the reasons that follow, Plaintiff's motion to amend is granted as to the addition of a femur fracture allegation, but denied as to the punitive damages claim.

## I. Background

    Naydeck is a 75-year-old resident of Savannah, Georgia, who took Fosamax between 1998 and 2009. In October 2008, Naydeck suffered a spontaneous fracture of her left femur, but avers that she did not know – and was not told – the cause of the fracture. Approximately one year later, Naydeck was diagnosed with osteonecrosis of the jaw ("ONJ"), which she immediately attributed to Fosamax.

    In her original Complaint, filed on June 21, 2010, Naydeck alleges that she developed ONJ as a result of using Fosamax. Eventually, Naydeck states, she became aware "of the growing

evidence that long term Fosamax use also causes spontaneous femur fractures." On September 8, 2010, Naydeck filed her Plaintiff Profile Form, which included the assertion that Fosamax caused both her ONJ and her femur fracture, but she did not change her Complaint. Plaintiff now seeks to amend her Complaint to add the allegation that she suffered a femur fracture as a result of using Fosamax. Naydeck also moves to add a claim for punitive damages. Defendant Merck ("Merck" or "Defendant") opposes these proposed amendments.

## II. Discussion

### A. Standard of Law

Rule 15(a)(2), which governs amendment of pleadings after the time for amendment as of right expires, provides that leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). "When a party requests leave to amend its complaint, permission generally should be freely granted." Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 186 (2d Cir. 2012). However, the Court retains the discretion to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien

2

Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (the district court's discretion to deny a motion to amend is "broad").

**B. Analysis**

Defendant opposes the proposed amendment on the grounds that (1) adding a femur fracture allegation is futile, because Georgia's statute of limitations on the proposed femur fracture claim has run; (2) Plaintiff has failed to adequately explain her delay; (3) Merck would be prejudiced by the amendment because it would be forced to expend resources defending a femur fracture claim in this Court; and (4) permitting the amendment would run contrary to judicial efficiency goals. Additionally, Defendant opposes the addition of a punitive damages claim because the Court's summary judgment opinion issued in connection with Secrest v. Merck, which was the fourth bellwether trial in this MDL, precludes Plaintiff's claim.

As an initial matter, while Plaintiff undoubtedly was dilatory in filing this motion to amend, the Second Circuit has held that "delay alone, without an attendant showing of bad faith or prejudice, is an insufficient basis for denial of a motion to amend." See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008).

Next, even if the femur fracture allegation is barred by the Georgia statute of limitations, the "relation back doctrine" set forth in Rule 15(c) renders the statute of limitations

3

irrelevant. Claims asserted in an amended complaint are deemed to have been asserted on the date of the original complaint if "the claims arise out of the same conduct and transactions" set out in the original pleading." Scantek Medical, Inc. v. Sabella, 583 F. Supp. 2d 477, 489 (S.D.N.Y. 2008). In order for a claim to "relate back," it must arise out of the same "conduct, transaction, or occurrence" as the claims raised in the earlier filing. See Fed. R. Civ. P. 15(c) (an amendment relates back to an earlier complaint when the new claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). The Supreme Court has advised that in assessing whether a proposed new allegation relates back, the pertinent inquiry is whether the original complaint gave the defendant fair notice of the newly alleged claims. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.3 (1984).

Under this rubric, Plaintiff's allegation that Fosamax caused her femur fracture relates back to her original claim, which includes allegations that Merck mishandled the development, testing, manufacturing, labeling and marketing of Fosamax. In other words, Plaintiff's femur fracture "arose out of" the misconduct Plaintiff alleges in her original complaint. Fed. R. Civ. P. 15(c). Because of the relationship between Naydeck's femur fracture allegation and the allegations in her

4

original Complaint, Merck had fair notice of the newly alleged claims by virtue of the original complaint.

Considering the remaining factors pertinent to a motion to amend, the Court will first address whether Merck is unduly prejudiced by this proposed amendment.  To determine prejudice, the Court must decide whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  As evidenced by the Plaintiff Profile Form, Merck has been aware of Plaintiff's femur fracture for two years, and has had access to all of the relevant medical records.  In addition, this case has yet to go individual discovery, so it is unlikely that the case will be delayed.  Moreover, pursuant to the JPML's directive, the femur fracture claim will be severed and transferred to the New Jersey MDL.  In light of this pending transfer, Merck will not be required to conduct additional discovery in this MDL.  Therefore, Merck cannot establish that it will be prejudiced by the addition of a femur fracture allegation.

Turning to Plaintiff's request to add a demand for punitive damages, Defendant is correct that the amendment would be futile

in light of the Court's summary judgment decision in Secrest. Although Plaintiff argues that the parties should "brief the differences" in the law between Georgia and Florida, the Court need not require additional briefing on this matter.  The laws of both states are unambiguous.  Under Florida law,

> A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.

Fla. Stat. § 768.72(2).  Florida statute defines "gross negligence" as "wanting in care." Id § 768.72(2)(b).  In Georgia,

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

The punitive damage laws of Florida and Georgia mirror each other in that both require clear and convincing evidence of intentional misconduct or a want of care.

In two prior bellwether trials, Secrest v. Merck and Boles v. Merck, the Court explicitly found Merck's actions were neither willful nor wanting in care. See In re Fosamax Prods. Liab. Litig., 807 F. Supp. 2d 168, 187-88 (S.D.N.Y. 2011); In re Fosamax Prods. Liab. Litig., 647 F. Supp. 2d 265, 284 (S.D.N.Y. 2009).  "No jury could reasonably find by clear and convincing evidence that Merck's actions rose to the level of intentional

6

misconduct.  There is no evidence – let alone clear and convincing evidence – that Merck had 'actual knowledge' of the 'high probability' that Fosamax would cause . . . ONJ."  The Court further found that "[n]o jury could reasonably find by clear and convincing evidence that Merck's actions were so 'reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons.'" Id.  Therefore, Plaintiff's motion to amend her Complaint to include punitive damages is denied as futile. See e.g., AEP Energy Servs. Gas Holding Co. v. Bank of Am., 626 F.3d at 726 ("Leave to amend may be denied [where] the proposed amendment fails to state a legally cognizable claim."); Parker v. Columbia Pictures Indus., 204 F.3d at 339 ("[A] district court may deny the party's request to amend" if "the amended portion of the complaint would fail to state a cause of action.").

### III. Conclusion

For the reasons stated above, Plaintiff's motion is granted with respect to the femur fracture allegations, and denied as to the proposed addition of punitive damages. Plaintiff is directed to take the necessary steps to sever the femur fracture allegation and seek transfer to the New Jersey MDL.

SO ORDERED.

Dated:   New York, New York
         January 23, 2013

_John F. Keenan_
John F. Keenan
United States District Judge