**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
IN RE:                                :
FOSAMAX PRODUCTS LIABILITY LITIGATION  :   No. 06 MD 1789 (JFK)
------------------------------------- :
This document relates to:             :   **MEMORANDUM**
Wilde v. Merck,                       :   **OPINION & ORDER**
    No. 12 Civ. 3953 (JFK)            :
------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-14-13

102914

**John F. Keenan, United States District Judge:**

Before the Court are motions by Plaintiffs Norma Wilde ("Norma") and Paul Wilde ("Paul") (collectively, "Plaintiffs") for (1) leave to amend their Complaint to specify that the amount in controversy does not exceed $50,000 and (2) remand to the Court of Common Pleas of Fayette County, Pennsylvania. For the reasons that follow, Plaintiffs' motions are granted.

## I. Background

On March 15, 2012, Plaintiffs filed this action in the Court of Common Pleas of Fayette County, Pennsylvania. The basis for their complaint is Norma's allegation that she suffered various dental problems and other injuries as a result of taking Fosamax. Paul has made a claim for loss of consortium as the husband of Norma. Norma and Paul did not state a precise amount in controversy in their state complaint, but alleged that it was "in excess of $50,000," which is the upper limit for compulsory arbitration in Pennsylvania.

Defendant Merck ("Merck" or "Defendant") filed for removal in the Western District of Pennsylvania on May 4, 2012, stating

that "it is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000." The Judicial Panel on Multidistrict Litigation then transferred the case to this Court, by Order dated May 18, 2012.

On October 24, 2012, Plaintiffs filed the instant motion to amend and motion for remand. Plaintiffs seek to amend their Complaint to assert that the amount in controversy does not exceed $50,000. Should the Court grant the motion to amend, Plaintiffs also ask for the case to be remanded to Pennsylvania state court. To support their motions, Plaintiffs have executed stipulations affirming that the amount of damages each of them may recover "is and will forever be less than $75,000 exclusive of interests and costs." (Pl. Ex. A.)

## II. Discussion

Rule 15(a)(2), which governs amendment of pleadings after the time for amendment as of right expires, provides that leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). "When a party requests leave to amend its complaint, permission generally should be freely granted." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 186 (2d Cir. 2012). However, the Court retains the discretion to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing

2

Foman v. Davis, 371 U.S. 178, 182 (1962)); see Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (the district court's discretion to deny a motion to amend is "broad").

The only issue Merck has raised in its opposition to this proposed amendment is futility, arguing that changing the amount in controversy at this stage of the litigation would not divest this Court of jurisdiction. Plaintiffs respond that because their state complaint did not allege a specific amount in controversy, the proposed amendment would merely clarify the state complaint and demonstrate that this Court never had jurisdiction.

Because Merck removed this action from state court, it bears the burden of proving that Plaintiffs' claims exceed the jurisdictional amount in controversy. See Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."). The Second Circuit has repeatedly cautioned that "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043,

3

1045-46 (2d Cir. 1991) (citations omitted); see Lupo, 28 F.3d at 274.

Drawing from information contained in the Complaint and citing to outside factors, Merck's notice of removal averred that Plaintiffs' original complaint brought multiple causes of action for which they seek compensatory damages, with interest, costs and other relief. Therefore, Merck proffered, "it cannot be shown to a legal certainty that Plaintiffs cannot recover more than the jurisdictional amount." (Notice of Removal at 22.) Plaintiffs dispute Defendant's assertion and both have submitted affidavits limiting their recovery to less than $75,000. Indeed, they have "irrevocably agree[d]" that the "amount of damages claimed by [Norma and Paul] in this action is and will forever be less than $75,000.00 exclusive of interest and costs." (Stipulations of Norma and Paul Wilde.)

The seminal case governing the issue of amount in controversy and diversity jurisdiction is St. Paul Mercury Indemnity Co. v. Red Cab Co., in which the Supreme Court held that "the rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the Plaintiff controls." 303 U.S. 283, 288-89 (1938). The Supreme Court has further held that once a federal district court's jurisdiction has attached to a case removed from state court, a plaintiff cannot deprive

4

the district court of jurisdiction by reducing his claim below the requisite jurisdictional amount "by stipulation, by affidavit, or by amendment of his pleadings." Id. at 292-93.

Nevertheless, a district court may allow a plaintiff to "clarify" his or her complaint after removal in order to assist the court in evaluating the jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy. See, e.g., Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 223 (3d Cir. 1999) ("Although a court can make an independent appraisal of the reasonable value of the claim . . . it might also consider a stipulation as clarifying rather than amending an original pleading.") (internal citations and quotations omitted); Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) ("Although . . . a plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached, in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted

5

after removal.") (emphasis in original) (citing St. Paul Mercury, 303 U.S. at 292).

Post-removal clarifications by stipulation would be especially useful if the state court complaint was governed by state rules of civil procedure that preclude plaintiffs from alleging sum certain damages. See, e.g., Brooks v. Pre-Paid Legal Servs., Inc., 153 F. Supp. 2d 1299, 1301-02 (M.D. Ala. 2001) (holding that a post-removal stipulation that damages would not be sought or accepted in excess of $74,500 defeated diversity jurisdiction where plaintiff's stipulation merely clarified an ambiguous ad damnum clause in the state court complaint); Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999) ("Here the proffered stipulation indicates that the value of the claim at the time of removal did not exceed the jurisdictional minimum, in a situation where pleading rules make the amount in controversy on the face of the complaint ambiguous at best."). As these cases evidence, a stipulation may serve to clarify rather than amend the plaintiff's complaint.

Consideration of a "clarifying" stipulation is in conformity with the fundamental principle of removal jurisdiction that subject matter jurisdiction is determined at the time the removal petition was filed. Id.; see Brooks, 153 F. Supp. 2d at 1300 ("Other courts have routinely given effect to

6

binding post-removal stipulations."); <u>Cole v. Great Atlantic & Pacific Tea Co.</u>, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990) (holding that a post-removal stipulation limiting damages to an amount below the amount in controversy threshold for diversity actions clarified a complaint that was "effectively silent as to damages" due to the state rules of civil procedure, and thus defeated removal); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> 3d § 3725 at 87 ("[A] plaintiff's waiver must be truly binding on the plaintiff in state court before it will prevent removal; this can be done through . . . a binding stipulation in writing on the record.") (citing cases).

Under Rule 1021 of the Pennsylvania Rules of Civil Procedure, "any pleading demanding relief for unliquidated damages shall not claim a specific sum." Pa. R. Civ. P. 1021. In accordance with Pennsylvania practice, Plaintiffs' demand for damages merely indicated whether the amount exceeded the jurisdictional requirement for arbitration. It is not possible to determine from the face of Plaintiffs' Complaint the amount of their claimed damages. Accordingly, Plaintiffs' affidavits serve to clarify the Complaint's ambiguous statement of damages.

Courts have distinguished between events occurring after the filing of the complaint that reduce the amount in controversy on one hand, and subsequent revelations that the

7

required amount was never recoverable at the start of the action on the other. Jones v. Knox Exploration Corp., 2 F.3d 181, 182-83 (6th Cir. 1993). Here, no "revelation" occurred after the case was removed that changes the amount in controversy; rather, it is apparent that the state complaint never satisfied the amount in controversy requirement.

The Court therefore concludes that the value of Plaintiff's claim at the time of removal did not exceed the jurisdictional minimum of $75,000. See 28 U.S.C. § 1332. Accordingly, Plaintiffs may amend their Complaint to clarify the amount in controversy, and the case may be remanded to the Court of Common Pleas of Fayette County, Pennsylvania.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion to amend and motion for remand are granted.

**SO ORDERED.**

Dated:   New York, New York
         February 14, 2013

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JOHN F. KEENAN
　　　　　　　　　　　　　　　　　　United States District Judge

8