USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Mar. 21, 2013

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- X
IN RE: :
FOSAMAX PRODUCTS LIABILITY LITIGATION :
---------------------------------------- :
This document relates to: :
Lyudmila Babadzhanova v. :
Merck & Co., Inc., :
No. 08 Civ. 3206 (JFK) :
---------------------------------------- X

Master File No.
06 MD 1789 (JFK)

**MEMORANDUM OPINION AND ORDER**

**JOHN F. KEENAN, United States District Judge:**

Defendant Merck Sharp & Dohme Corp. (“Merck”) moves pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) to dismiss this case with prejudice because plaintiff Lyudmila Babadzhanova (“Plaintiff”) has failed to provide a Plaintiff Profile Form (“PPF”) as required by Case Management Order No. 3 (“CMO 3”). Plaintiff has not opposed the motion. For the reasons provided below, the motion is granted.

I. Background

Section 10.3 of CMO 3 requires plaintiffs in all cases consolidated in this multi-district litigation (“MDL”) to submit completed PPFs to defense counsel within sixty days of the date that the case is filed with this Court or, for cases transferred here, the date that the conditional transfer order becomes final. CMO 3 further provides that Merck may send a deficiency letter to a plaintiff who has not submitted a completed PPF within sixty days. Upon receipt of the deficiency letter, the plaintiff has thirty days to cure the deficiency. If the

plaintiff fails to provide a PPF within the provided cure period, CMO 3 permits the "defendants to move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice."

Plaintiff filed her case on March 31, 2008. In a letter dated April 7, 2008, Merck reminded Plaintiff of her obligation to provide a completed PPF by May 30, 2008. (Mayer Decl. Exh. 1.) When Plaintiff failed to provide a PPF by this deadline, Merck sent a deficiency letter to Plaintiff explaining that she had thirty days to cure the deficiency and produce the PPF. (Mayer Decl. Ex. 2.) Plaintiff did not respond. Nonetheless, on July 8, 2008, Merck sent Plaintiff another letter offering fifteen more days to produce the PPF. (Mayer Dec. Exh. 3.)

Plaintiff finally provided a partially completed PPF on August 5, 2008. Merck sent Plaintiff a nine-page letter on August 6, 2008, detailing the host of omissions in the PPF, including, among other things, relevant dates, medical history, documents, and dental background. (Mayer Decl. Exh. 4.) Plaintiff never responded, and on October 24, 2008, Merck wrote another letter requesting a response to the deficiency letter (Mayer Decl. Exh. 5.) Upon hearing nothing from Plaintiff, Merck sent a final letter on November 12, 2008 urging

compliance. (Mayer Decl. Exh. 6.) To date, Plaintiff still has not provided a completed PPF.

On February 11, 2013, Merck filed this motion to dismiss the case with prejudice in light of Plaintiff's noncompliance with CMO 3. Plaintiff has not opposed the motion nor offered to provide a completed PPF.

II. Discussion

Rule 37(b) governs the instant motion. Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 207 (1958). The rule provides that a district court may impose sanctions "as are just" upon a party who fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The court has discretion to impose a sanction of dismissal only if the failure to comply resulted from "willfulness, bad faith, or any fault." Societe Internationale, 357 U.S. at 207; Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d. 130 (2d Cir. 2007). A court may determine that dismissal with prejudice is an appropriate penalty upon consideration of the following factors: "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Davidson v.

Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)).

Here, Plaintiff's disobedience was undoubtedly willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Davis v. Artuz, No. 96 Civ. 7699 (GBD), 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997)). CMO 3 clearly states that every plaintiff in this MDL must provide defendant with a completed PPF. There can be no doubt that Plaintiff understood this obligation. Merck sent several letters and emails reminding her counsel of it. Despite this, Plaintiff disregarded her discovery obligations under CMO 3, ignored repeated letters from defendant urging her to comply and extending the deadlines, and failed to respond to this motion to dismiss. Plaintiff has not claimed that her noncompliance was caused by forces beyond her control. Indeed, she has not made any claims at all with respect to her failure to supply a PPF.

Turning to the other relevant factors, Plaintiff has not offered an excuse for her noncompliance, nor has she expressed a willingness to provide a PPF at a future time. Next, a sanction

short of dismissal is unlikely to induce Plaintiff's compliance, given that she has not offered to provide a PPF even in response to this motion to dismiss. Moreover, Plaintiff's noncompliance with CMO 3 has lasted for more than four years. Her failure to respond to this motion to dismiss indicates that she no longer is interested in prosecuting her claims and likely will never provide a PPF. Finally, CMO 3 clearly warned Plaintiff that the failure to provide a completed PPF on time could result in dismissal of her case. She received further warnings from Merck that her case would be dismissed if she failed to comply.

For these reasons, Plaintiff's case is dismissed with prejudice pursuant to Rule 37(b).

**SO ORDERED.**

Dated: New York, New York
March 21, 2013

John F. Keenan
United States District Judge