```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
UNITED STATES DISTRICT COURT            │ DOCUMENT                    │
SOUTHERN DISTRICT OF NEW YORK           │ ELECTRONICALLY FILED        │
---------------------------------- X    │ DOC #: _____ │
IN RE:                           :      │ DATE FILED: July 18, 2013   │
FOSAMAX PRODUCTS LIABILITY LITIGATION : └─────────────────────────────┘
---------------------------------- :        Master File No.
This document relates to:        :          06 MD 1789 (JFK)
Vicki Averitt v.                 :
Merck & Co., Inc.,               :      MEMORANDUM OPINION
    No. 10 Civ. 641 (JFK)        :          AND ORDER
---------------------------------- X
```

**JOHN F. KEENAN, United States District Judge:**

Defendant Merck Sharp & Dohme Corp. ("Merck") moves pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) to dismiss this case with prejudice because Plaintiff Vicki Averitt ("Averitt" or "Plaintiff") did not provide a Plaintiff Profile Form ("PPF") as required by Case Management Order No. 3 ("CMO 3"). In lieu of an opposition, Plaintiff has filed a motion to amend the Complaint, to include the fact that Plaintiff brings this action "as power of attorney" of Dahlia Lewis ("Lewis"). Lewis is Plaintiff's mother; the Amended Complaint states that Lewis is disabled "as a result of ingesting . . . Fosamax." (Compl. ¶ 1.) For the reasons that follow, Merck's motion is denied and Plaintiff's motion to amend is granted.

## I. Background

Plaintiff filed her case on January 27, 2010. On February 16, 2013, Merck sent a letter to Plaintiff's counsel noting the obligation to provide a completed PPF by March 29, 2010 and

forwarding a copy of CMO 3. (Mayer Decl. Exh. 2.)  On March 16, 2010, Plaintiff sent Merck's counsel a PPF identifying Lewis as the person who used Fosamax, and designating Plaintiff as the agent.  The PPF included detailed medical information about Lewis and not the Plaintiff (Averitt).

Merck attempted to clear up the discrepancy, ultimately sending a letter on April 12, 2010 noting that if corrective action were not taken, Merck would seek to dismiss the action. (Mayer Decl. Exh. 4.)  Almost two years later, Merck apparently decided to revisit this case, sending a letter to Plaintiff's counsel dated March 7, 2012 reiterating that it would seek to dismiss the case for failure to comply with the CMO. (Id. Exh. 5.)  Plaintiff's counsel did not respond to any inquiries, until filing its motion to amend, filed April 24, 2013.

Section 10.3 of CMO 3 requires plaintiffs in all cases consolidated in this multi-district litigation ("MDL") to submit completed PPFs to defense counsel within sixty days of the date the case is filed with this Court or, for cases transferred here, the date that the conditional transfer order becomes final.  CMO 3 further provides that Merck may send a deficiency letter to a plaintiff who has not submitted a completed PPF within sixty days.  Upon receipt of the deficiency letter, the plaintiff has thirty days to cure the deficiency.   If the

2

plaintiff fails to provide a PPF within the provided cure period, CMO 3 permits the "defendants to move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice."

## II. Discussion

Rule 37(b) governs the instant motion. <u>Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers</u>, 357 U.S. 197, 207 (1958). The rule provides that a district court may impose sanctions "as are just" upon a party who fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The court has discretion to impose a sanction of dismissal only if the failure to comply resulted from "willfulness, bad faith, or any fault." <u>Societe Internationale</u>, 357 U.S. at 207; <u>Shcherbakovskiy v. Da Capo Al Fine, Ltd.</u>, 490 F.3d. 130 (2d Cir. 2007). A court may determine that dismissal with prejudice is an appropriate penalty upon consideration of the following factors: "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." <u>Davidson v. Dean</u>, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citing <u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 852-54 (2d Cir. 1995)).

3

Here, although Plaintiff was undoubtedly derelict in failing to seek to amend its Complaint until now, it has not prejudiced Defendant by permitting Merck to operate under the assumption that Averitt herself was injured.  Indeed, it provided the PPF for the appropriate party within the time frame specified by the CMO.  Accompanying the PPF was an authorization for Averitt to proceed for Lewis with power of attorney. Therefore, Merck was on notice that the case involved Lewis's ingestion of Fosamax (not Averitt's), and even had the necessary details regarding Lewis's treatment in connection with the drug. Moreover, Defendant permitted the case to lie fallow for some two years, despite representing to Plaintiff's counsel in a letter dated April 12, 2010 that it would seek dismissal.  Merck did not file its motion to dismiss until April 3, 2013.

Since the Defendant has had all the necessary information regarding this case since March 16, 2010, the factors set forth by the Davidson court are not satisfied in this case.  As a result, the drastic sanction of dismissal is not warranted.

4

### III. Conclusion

For the reasons stated above, the Defendant's motion to dismiss is denied and Plaintiff's motion to amend is granted.

**SO ORDERED.**

Dated:      New York, New York
            July 17, 2013

_____
John F. Keenan
United States District Judge

5