USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 13, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------- X
IN RE:                                    :
FOSAMAX PRODUCTS LIABILITY LITIGATION     :
----------------------------------------- :  Master File
This document relates to:                 :  No. 06 MD 1789 (JFK)
                                          :  **OPINION & ORDER**
Finlay v. Merck, Sharpe & Dohme Corp.,    :
No. 13 Civ. 6170 (JFK)                    :
----------------------------------------- X

Appearances

For Plaintiff Leann Finlay
    AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
    By:  Daniel Thornburg

For Nonparty Novartis Pharmaceuticals Corporation
    RIVKIN RADLER LLP
    By:  Jacqueline Bushwack

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff's motion for leave to file an amended complaint that adds Novartis Pharmaceuticals as a defendant. Novartis opposes the motion on the grounds that the amendment would be futile because the proposed claims against Novartis are time-barred. For the reasons that follow, Plaintiff's motion to amend the complaint is denied.

## I. Background

This MDL involves claims that the drug Fosamax or its generic equivalent, alendronate sodium, caused users to suffer from a condition known as osteonecrosis of the jaw ("ONJ"). Plaintiffs have asserted claims against Merck, the maker of

Fosamax. Some plaintiffs have also brought claims against other bisphosphonate manufacturers.

The instant Plaintiff, Leanne Finlay, brings claims on behalf of her deceased mother, Carolee Corley ("Decedent"). Their action against Merck was originally filed in Florida state court on July 15, 2011. That case was transferred to the U.S. District Court for the District of New Jersey, and was later re-filed here in the Southern District of New York. By stipulation between Plaintiff and Merck, the filing here relates back to July 15, 2011, when Plaintiff filed her initial case in Florida.

The extant complaint in this action, dated September 3, 2013, lists Merck and five unnamed "New Jersey Corporations" as defendants. Paragraph 11 states:

> The true names and capacities of those Defendants designated as Entities no. 1 through 5, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of Court to amend this complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the said entities proximately caused injury and damage to the Decedent as alleged herein.

The extant complaint alleges in addition to Fosamax, Decedent had also taken Zometa, an intravenous bisphosphonate manufactured by Novartis. (Compl. ¶ 26.) But the complaint does

not mention Novartis, and alleges only that Fosamax caused Decedent's injuries.

It is undisputed that Plaintiff and Novartis entered into a tolling agreement on September 19, 2013, sixteen days after the filing of the extant complaint. The agreement tolled the statute of limitations for claims by Plaintiff against Novartis that were timely as of that date, but Novartis expressly reserved the right to argue that Plaintiff's claims were already time-barred by then.

On May 30, 2014, the day before the tolling agreement expired, Plaintiff moved for leave to file an amended complaint inserting Novartis in place of one of the John Doe defendants. Novartis opposes the motion on the grounds that the amendment would be futile.

## II. Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the amendment of pleadings once the time for amendment as of right has elapsed. The Rule provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); see Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 186 (2d Cir. 2012). However, a district court has the broad discretion to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d

3

184, 200 (2d Cir. 2007) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); see <u>Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel</u>, 145 F.3d 85, 89 (2d Cir. 1998).

### A. Plaintiff's Claims Against Novartis Do Not Relate Back to the 2011 Filing

To decide whether Plaintiff's proposed amendments are futile, the Court must first determine the date on which Plaintiff should be deemed to have asserted claims against Novartis. If Plaintiff's claims relate back to the filing of the initial state court complaint, then they will be deemed timely if they were not time-barred as of July 15, 2011. If her claims against Novartis do not relate back, then they will be deemed timely only if they were not time-barred as of September 19, 2013, the date of the tolling agreement between Plaintiff and Novartis.

In moving to amend her complaint, Plaintiff seeks to substitute Novartis for one of the unnamed "John Doe" defendants. Under Rule 15(c), an amendment to a complaint that changes the name of a party in the complaint will relate back to the date of the original complaint if three conditions are met: (1) the amendment must assert a claim that arose out of the same conduct set out in the original complaint; (2) the new defendant must receive actual notice of the action within 120 days of when the original complaint was filed; and (3) the new defendant knew

4

or should have known within 120 days of the original complaint being filed "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)-(C).

Plaintiff asserts that Novartis has known about her claims "since the outset of this lawsuit." (Pl. Moving Br. ¶ 8.) This assertion apparently refers to the outset of the instant, federally filed suit. But there is nothing to indicate that Novartis was on notice of Plaintiff's claims within 120 days after the filing of the initial Florida complaint in 2011. Novartis represents that Plaintiff did not contact Novartis regarding her claims until September 2013. Plaintiff has not disputed this representation, and her moving brief is consistent with it. The brief notes that Plaintiff and Novartis exchanged information and documents in connection with their tolling agreement, which was executed on September 19, 2013. Under these circumstances, Plaintiff has failed to show that the requirements of Rule 15(c) are satisfied.

Nor does New York state's "unknown parties" law apply here. The provisions of New York's C.P.L.R. governing "John Doe" defendants allows:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the

5

>   name becomes known all subsequent proceedings shall be
>   taken under the true name and all prior proceedings
>   shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.  To take advantage of this provision, the party must (1) "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and (2) "describe the John Doe party in such form as will fairly apprise the party that [it] is the intended defendant." <u>Bumpus v. N.Y.C. Transit Auth.</u>, 883 N.Y.S.2d 99, 104 (2d Dep't 2009). Here, although Plaintiff was aware that her injuries were potentially related to her use of Zometa in 2008, she did not plead claims against Novartis.  Thus, Plaintiff cannot now use § 1024 to make her claims against Novartis timely.

In sum, the Court concludes that Plaintiff's proposed amendment does not relate back to the filing of the initial Florida complaint on June 15, 2011.  Accordingly, her claims will be time-barred if they were untimely as of September 19, 2013, the date of the tolling agreement between Plaintiff and Novartis.

### B. All of Plaintiff's Proposed Claims Against Novartis Are Time-Barred

Having determined the operative date after which Plaintiff's putative claims against Novartis are time-barred, the Court must now ascertain the applicable statute of limitations for each of those claims.  "When a federal district

6

court sits in diversity, it generally applies the law of the state in which its sits, including that state's choice of law rules." E.g., Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP), 673 F.3d 180, 186 (2d Cir. 2012).  In New York, when a nonresident brings suit based upon an injury that occurred outside the state, the court applies the limitations period of either New York or the state of injury, whichever is shorter. See Stuart v. American Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998) (citing N.Y. C.P.L.R. § 202); Dugan v. Schering Corp., 658 N.E.2d 1037, 1038 (N.Y. 1995) (claims sounding in negligence or product liability accrue in the state where the injury occurs).  Accordingly, Plaintiff's proposed amendments will not be permitted if all of her claims against Novartis are time-barred under either New York or Florida law.[1]

Plaintiff proposes nine causes of action against Novartis: (1) negligence; (2) strict liability:  failure to warn; (3) strict liability:  defective design; (4) breach of express warranty; (5) breach of implied warranty; (6) fraud; (7) survival action; (8) loss of consortium; and (9) punitive damages.  These claims are discussed in turn.

---

[1] The proposed amended complaint states that Decedent was a North Carolina citizen. (Proposed Amended Compl. ¶ 10.)  But Novartis cites Decedent's medical records indicating that both her treating doctors and her Zometa infusions were in Florida. (Novartis Br. at 4–5.) Novartis therefore contends that Florida is the state where Decedent's injury occurred, and Plaintiff has not argued otherwise.  Accordingly, the Court looks to Florida law to determine whether Plaintiff's claims are time-barred.

### 1. The Negligence Claim Is Governed by New York's Three-Year Statute of Limitations and Is No Longer Timely

The New York statute of limitations for an action to recover damages for personal injury is three years. N.Y. C.P.L.R. § 214(5). The three-year period begins either when plaintiff discovered the injury or should have discovered it, whichever is earlier. § 214-c(2). Under Florida law, negligence claims are subject to a four-year statute of limitations. Fla. Stat. § 95.11(3)(a). This Court therefore applies the shorter three-year period under New York law.

Decedent's medical records reflect that she received four Zometa infusions between June 10, 2008 and September 2, 2008. (Novartis Br. at 4 & nn.5-7.) After Decedent began to complain of ONJ-like symptoms, both her oncologist and her oral surgeon noted the possible connection between her symptoms and the Zometa infusions. (Id. at 4-5 & nn.8-9.) Decedent's oral surgeon noted her condition as stage I BRONJ on October 17, 2008. (Id.) Applying New York's three-year statute of limitations, the Court concludes that Plaintiff's claims against Novartis for personal injury were time-barred as of October 17, 2011 at the very latest. Cf. Galletta v. Stryker Corp., 282 F. Supp. 2d 914, 917 (S.D.N.Y. 2003) (statute of limitations likely expires even earlier, because the limitations period

"runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms").

2.  **The Strict Product Liability Claims Are Governed by New York's Three-Year Statute of Limitations and Are No Longer Timely**

In New York, a plaintiff's product liability causes of action (both defective design and failure to warn) are subject to a three-year statute of limitations, which accrues on the date the injuries are discovered. See Fathi v Pfizer Inc., 901 N.Y.S.2d 899, 2009 WL 2950876, at *2–3 (N.Y. Sup. Ct. 2009) (citing N.Y. C.P.L.R. § 214-c).  In Florida, a claim based on products liability is limited by a four-year statute of limitations. Fla. Stat. § 95.11(3)(e).  Accordingly, New York's shorter statute of limitations of three years governs in this case, and the period expired on October 17, 2011.

3.  **The Breach of Contract Claims Are Governed by a Four-Year Statute of Limitations and Are No Longer Timely**

Under both New York and Florida law, breach of contract claims are subject to a four-year statute of limitations, running from when the breach occurs, is discovered, or should have been discovered. See N.Y. U.C.C. § 2-725; Fla. Stat. § 95.11(3)(k).  Because Decedent was aware of the potential connection between her Zometa infusions and her injuries as of October 17, 2008, her contract causes of action ceased to be timely as of October 17, 2012.

9

### 4. The Fraud Claim Is Governed by Florida's Four-Year Statute of Limitations and Expired in October 2012

The New York statute of limitations for actions based upon fraud is the greater of six years from the date the cause of the action accrued, or two years from the time the plaintiff discovered, or reasonably could have discovered, the fraud. N.Y. C.P.L.R. § 213(8). Florida has a four-year statute of limitations on fraud-based claims, running from when the fraud was (or should have been) discovered. Fla. Stat. § 95.11(3)(j); § 95.031(2)(a). This Court therefore applies Florida's four-year period.

As Novartis notes, the company revised its prescribing information to include a warning about ONJ in September 2003. To the extent any fraud persisted, however, it should have been discovered contemporaneously with Decedent's BRONJ diagnosis on October 17, 2008. Thus, any fraud claims against Novartis were barred as of October 17, 2012.

### 5. Plaintiff Cannot Recover for Survival

Generally speaking, a plaintiff cannot recover on a survival theory unless the underlying cause of action would be timely if asserted by the decedent. See, e.g., Homaday v. Smith & Nephew, Inc., --- F. Supp. 2d ----, 2014 WL 260568, at *3-4 (M.D. Fl. 2014); Young v. Bonilla, 11 Misc.3d 1081(A), 2006 WL 1005133, at *1 (N.Y. Sup. Ct. 2006); see also N.Y. C.P.L.R.

§ 210(a) (survival action may be commenced by decedent's representative within one year of death, but only if the action was timely at the date of death).  Here, the statute of limitations on all potential claims against Novartis had already expired by November 17, 2012, when Decedent passed away.  Accordingly, Plaintiff cannot bring survival claims on Decedent's behalf.

### 6.   Plaintiff Does Not Raise a Valid, Timely Claim for Loss of Consortium

In New York, a claim for loss of consortium is derivative, and is dependent upon a viable underlying or "primary" cause of action. See, e.g., Sterbenz v. Attina, 205 F. Supp. 2d 65, 71 (E.D.N.Y. 2002); accord Maddox v. City of New York, 487 N.Y.S.2d 354, 359 (2d Dep't 1985).  Because all of Plaintiff's other claims are untimely, the derivative loss of consortium claim fails.

The Court also notes that Plaintiff does not appear to have a valid claim for loss of consortium under Florida law.  Florida does not recognize a common law cause of action for loss of parental consortium, and the state statute allows such an action to be brought only by an unmarried dependent. Larusso v. Garner, 888 So.2d 712, 719 (Fla. Dist. Ct. App. 2004).

**7. Plaintiff Cannot Recover Punitive Damages from Novartis**

As noted earlier, Plaintiff's proposed amended complaint includes a count seeking punitive damages against Novartis. (Proposed Amended Compl. ¶¶ 120-24.) However, because all of Plaintiff's underlying causes of action against Novartis are untimely, she may not pursue the company for punitive (or any other) damages. See, e.g., O'Hearn v. Spence-Chapin Servs., 929 F. Supp. 136, 142 (S.D.N.Y. 1996).

### C. Plaintiff Is Not Entitled to Equitable Tolling

Plaintiff's proposed amended complaint claims that the applicable statues of limitations on her claims should be equitably tolled by reason of Novartis's fraudulent concealment of "the true risks associated with taking" Zometa. (Proposed Am. Compl. ¶¶ 56-59.) The Second Circuit has stated that equitable tolling is "an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004). Here, Decedent's doctors explicitly advised her of the potential connection between Zometa and her ONJ symptoms in the fall of 2008, belying Plaintiff's claim that this was "non-public information . . . not available to the Decedent [or her] medical providers." (Amended Compl. ¶ 58.) The Court can discern no reason that

12

Novartis could not have been sued within the relevant statute of limitations, and Plaintiff has not offered one. Accordingly, the Court concludes that Plaintiff is not entitled to equitable tolling.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to amend her complaint to add claims against Novartis is denied.

**SO ORDERED.**

Dated:   New York, New York
         August 13, 2014

                            _____
                                    John F. Keenan
                            United States District Judge